I think he might have registered only for audio but I may have that wrong Mr. Nagel can you hear us thank you so much thank you Mr. Nagel we can see you we can hear you can you hear us and see us I can and thank you so much for permitting me to appear by zoom I was on my feet in a trial this week and I appreciate it very much very good Mr. Reese is here at council table with co-counsel the court will call the case appeal number 25-2401 Laura Revolinsky versus Bayer Corporation at all will begin with oral argument on behalf of the appellant Mr. Nagel will recognize you thank you so much Bruce Nagel Nagel Rice may please the court today the appeal test the meaning of rule 23 which on its face grants exclusive power to the district court to approve fee awards in this appeal we raise two issues of first impression in this circuit number one does it violate rule 23 to delegate to leadership council fee allocation that has not been decided in this circuit and there's there are other circuits that have addressed this but in this circuit it's not been addressed the second issue is should the district court require as part of the allocation issue the proponent of the fee award to present an allocation so the court can make a determination as to whether that allocation is fair and reasonable and the starting point to both of the both of the subsections of my arguments is obviously the plain language of rule 23 and rule 23 H mr. Nagel could I I'm sorry for interrupting you I know it's hard by audio here I got a question for you before you get too deep into this about the scope of what is in front of us is the appeal before us limited to your challenge to the district courts July 25th 2025 order in your view or is it broader than that well I think it's broader I think it's broader I understand that that implicates certain filing issues but I think it's broader because as far as the denial of my application for an allocation of the fees I think it raises the underlying issue and the underlying issue is that procedurally the court made two significant errors first it violated rule 23 h4 which specifically delegates who couldn't be asked to provide guidance to the district court and it's only limited to two identified parties one they may refer the issue to a special master or to a magistrate judge that was not done here what was done here is that lead counsel provided a lump sum application noting approximately sixteen hundred and ten hours of Lodestar that was included with absolutely no disclosure of an allocation nobody knew that pre-appointment time would not be awarded by them and remember mr. Nagle yes did you look at the fee application from June 17th of 2024 yes I have in and in particular page 10 and footnote 2 on page 10 and I was at I was at page I was at paragraph 42 which just in that application which disclosed the general lump sum Lodestar I'm looking at them at the memorandum of law that was filed in support which says that only time billed after the formation of the MDL an appointment of leadership council is included here why wasn't that sufficient notice for you to know that your basic claim was being rejected so respectfully that that may be deemed notice however the comments to the rule specifically state that the district court is obligated to pay close attention to all applications and even in the absence of objections which I'm reading from the note eat the comments to the to the rule even in the absence of objection the court bears responsibility as a in order to approve the feet he's a fiduciary to the class I understand that but we're talking here about intramural disputes between class counsel and it seems to me that you didn't raise an objection when it would have been when it could have been timely addressed by the district court before money was distributed and judge Hamilton that may be correct however the pushback on that argument is as follows what note for of the the CMO gave the gave the leadership council the discretion to allocate and award fees for pre appointment time they told but they're telling you in June 17 of 2024 we're not doing that we're only going with post appointment post MDL transfer time I understand that was in the brief but it was certainly not in the certification that I read closely at the time I just skipped the brief respectfully I don't recall I don't recall reading the brief line by line I certainly recall reading this specific well if you say if you had read it it would have put you put everybody on alert to deal with this if we were to agree with you and your fees should be increased here where would that money come from well it obviously would have to come out of the lump sum award that has already been distributed I don't know whether I don't know if leadership reserved or not I put them on notice immediately when I was told that we were not going to get paid now well not that you didn't put them on notice when you were when they when they said to the world we're not doing time build before the formation of the MDL in the brief but in my certification which is part of the record I specifically certified that I was informed orally by Leadership Council that is in paragraph 5 which is you'll find at appendix 230 when I when I asked Leadership Council what is happening with the fees will we all be treated equally the answer was yes we I was not treating that's perfectly consistent with what they said here you was you're seeking priest MDL formation of the MDL time and nobody got time for before then right what I'm attacking a judge Hamilton and I agree that the brief itself put me on constructive notice whether I read it or not I agree with that position but I'm coming to a larger issue and that is whether I knew it or not the court had an obligation not to approve a fee award without an allocation that was never given to the district court and the very fact that leadership gave a proposal to the district court in effect if you read the brief and that proposal is read as we are cutting out several law firms many law firms that did pre-appointment work the district court was obligated not to accept that the point I'm making in this global appeal is that the district court earned by even allowing the pre-appointment time to be eliminated because under 23 h4 the district court could not do that and under 23 the district court was the sole power to award or allocate fees what just it sure seems to me that you waited an awfully long time to bring this attention bring this issue to the district you're almost saying it's not even waivable it doesn't matter who objected when I mean is that that is that your contention that no no matter the objection that the the allocation authority is just it's just per se unlawful regardless of how anybody litigated the yes I am saying a judge gutter today I'm saying that as a matter of law we never even get to my objections and I concede to judge Hamilton in the panel I concede that I did have at least constructive notice in the brief whether I read it or not so I'm conceding that point but the reality is this is a trend through the country I've litigated many many MDLs both as lead and in other capacities this is a trend in the country that we believe needs to be stopped and that is you give the right to allocate fees to leadership and they generally all the cases show it they generally allocate to themselves this is not a fair way of dealing with rule 23 allocation powers well they're obviously you've got a point if there were no opportunity to object and that's that's my concern about your raising this so late after the pot of money has already been distributed the problem with the objection is that when my discussions with lead counsel I was led to believe that everybody would get a fair distribution nobody everything's not gonna say what's good we're gonna be unfair about it I mean what what what did what did what were you how do how does that mollify you in any way particularly given the notice we're not gonna be paying pre MDL money because when I'm asked to sign off on behalf of one of the lead plaintiffs which I did and I say or are we going to be treated fairly are we going to get a distribution of fees nobody said to us from leadership by the way let's make it clear we got a lump sum award and you and your co-counsel will not be receiving a dime even though we know you were the firm that filed and argued the argument we did it and this case never settles no case with approximately 20 litigations around the country ever settles unless an MDL is granted I don't know why mr. Nagel given I understand the the concern that you're raising I understand the sensitivity and I I trust your representation that this is a trend and you're worried about it and it's it's not good I don't understand therefore why you're not hyper sensitive to this throughout the litigation including affirmatively raising it with the district court as opposed to relying upon what's set on telephone calls with lead counsel and and that's the point that it seems to me that judge Blakey is making in response to at least what he thought was a belated objection and and I accept that as a fair comment however we have superseding issues other than my own failure potentially to raise it earlier based upon discussions with lead counsel based upon my trust I understand that but in this instance I believe we need standards to be set so that this type of behavior this type of delegating to the leadership committee the right to allocate and affect award fees to the various firms that be ended and it be ended through this through an opinion out of this court rule 23 does not permit it to be done and it's being done in this circuit that is being done in other circuits around the country and for me to wait until I actually got the check maybe that can be questioned but there's a superseding rule here and that superseding rule is the underlying allocation was never was never submitted nowhere in this record did the leadership council ever say on our award of roughly four or five million dollars we're going to allocate it this way the district court never approved an allocation and if the allocation was submitted and I and I was focused on the fact that our two firms and a bunch of other firms ended up getting zero that would have given me a lot better notice than simply a short entry in a brief where there was no reference at all in the certification in their certification specifically paragraph 42 they specifically omitted any reference to allocation and they specifically omitted any reference at all to the fact that the pre-appointment time would not be awarded and in this case I'm sorry judge Brennan yeah that mr. Nagle thank you very much your time has expired we do appreciate your argument thank you oh thank you you will now move to oral argument on behalf of the Apple II mr. Reese thank you honors may please the court I'm Michael Reese and when the court appointed co-lead class counsel for the certified settlement class again may please the court the appellant's appeal must be denied for two independent reasons either which is dispositive and the first one is that it is an untimely deadlines matter rules matter both for efficiency purposes and to prevent chaos in the court as one of your honors asked and mr. Nagle answered the money here has already been distributed it was required to be distributed pursuant to the settlement agreement and pursuant to the court's final approval order and that money was distributed I believe in early March pursuant to the final approval order which was entered by the court on January 6 at 2025 mr. Nagle had plenty of opportunity to object to the fee allocation and it goes back to January 2020 I'm sorry April 2022 case management order for entered by judge Blakely said that generally pre-appointment time would not be considered and that any attorney seeking compensation had to comply with this order as well as submit time on a monthly basis we didn't even address that other aspect of mr. Nagle's argument that his co-counsel should be allowed to submit time in violation the order well after a date mr. Nagle received that order both through ECF and as members of the court we all know that ECF notification is more than sufficient if you decide to not to read an order shame on you that's not the fault of the judge issuing the order it was also sent to them or at least reference to mr. Nagle I'm at least one of his partners who had moved for the council in an email as well as the other firm that submitted the late time if he had an issue with that he should have objected at that time so this is January I'm sorry April of 2022 so we're talking almost four years ago your honors were completely correct to also focus on the fee application the judge judge Blakey issued a preliminary approval order in January of 2024 which said any fee applications were due in June of 2024 and said any objections to those fee applications had to be done by July of 2024 roughly 30 days later we filed our fee application on time mr. Nagle did not file a fee application on time instead he waited over a year over a year including after the final approval order was issued as well as the money already being distributed some of his time was included in the award correct correct so mr. Newton the discovery work that he did with respect to his particular client dad so not not a whole lot of dollars but there was some money there I guess more speaking more broadly mr. Reese apart from the the untimeliness and waiver problems here I do have some concerns about the extent to which a district judge can simply delegate all this to lead class counsel is there any reason for example why a judge could not or maybe should not order class counsel in one of these fee petitions with an objection from Co counsel somewhere saying look lay it out okay you've got 1600 lodestar hours or whatever it was here lay out how you're proposing to distribute this among the different law firms because that because I'm not just going to bless the the there's an obligation to referee the the disputes among counsel that cannot be resolved by agreement correct so so again I want to make two points one to procedural one and then answer directly your question one is if there was an objection to how that allocation was to be done the time to have done that would have been within 30 days of the final approval order because the final approval order which echoed case management order number four from April of 2022 as well as the fee brief that we filed in June of 2024 all stated this is how it's going to be done I thought the time to have raised that objection would have been within 30 days of the June 24 petition it would have been to raise an objection and say we can't even respond to this unless we see the proposed allocation I agree with you 100% your honor and to give even more leeway even if they didn't object by the gym by July 2024 deadline which was set forth in the court's preliminary approval order they should have also objected to the final approval order so there the deadline for that I believe would have been February 6 of 2025 the monies were distributed shortly thereafter because there was no objection well and that what I mean what I keep coming back to is the point you made earlier in April of 2022 with what we're what we're calling what case management order number four correct they're on notice then that it's at least presumptively not compensable correct so you would think you you should be watching all this stuff like a hawk if you've got time incurred you should get your paper get your vouchers in and what have you and then when the final approval order comes out and then to sit on that I mean I don't know I agree with your honor and I think I common theme of their argument is well even though we're on constructive notice we didn't read the orders we didn't read the briefs and so we shouldn't be held accountable for that but that goes back to my opening statement we're all attorneys we have an obligation to read court orders to read pleadings and I think you're underscoring the point to this is something that's so important to you as mr. Nagel claims that this is you should be watching this as like a hawk and he obviously didn't because nobody objected in a timely fashion to this well case I mean the one thing about if if you're a lawyer doing class action work and you're on the plaintiff side case management order number four is a pretty important document if you want paid in fact it says if you want to be paid you agree to these terms any attorney seeking compensation in this case agrees to these terms the only thing case case management order four is not 300 pages it does not it's a few pages in the only subject matter that it addresses is lawyer bills plaintiff's counsel's time that is correct your honor so we think that the appeal should be denied just as untimely but I'd also point that if you go into the actual standard it's an abuse of discretion and there are two decisions from your honors relatively recently the city key versus National Association of broadcast employees 132 F 4th 530 from 2025 judge Hamilton you were on that case I think judge Hirsch was the judge that wrote the opinion and it's important because it states a district court's decision whether to award attorneys fees is reviewed for an abuse of discretion we have said time and again that our review of a district court discretion on this is highly deferential and our review is deferential because the district court possesses superior understanding of litigation and there exists a desirability of avoiding frequent review what essentially are factual matters the need for uniformity is great enough to warrant appellate review of minutia and the desirability of avoiding a second major litigation strictly over attorney fees is high so if we go back to case management well that general point is clearly correct I take it the objector's point here is that the district court did not in fact exercise discretion over this the reason he didn't is because the issue was never raised in front of it that that's correct your honor but I and that's a completely independent reason exactly right but also and I wanted to point out to in the the past case which judge Scudder was on from I believe it's 2019 basically echoes the same abuse of discretion you have to remember if you even get to this point because you could deny this appeal saying it's untimely but if you reach the issue of whether or not judge Blakey abuses discretion he absolutely did not if you look at our fee brief it is very thorough regarding and concludes a lot of detail particularly in the declaration of the Coley counsel as to all the tremendous work that we did we appeared in front of judge Blakey repeatedly this was a very complicated matter judge Blakey received timely monthly records both expenses as well as time from all the attorneys that submitted them on time as pursuant to CMO for so judge Blakey was completely on top of more facts than you have in most cases where you're actually getting detailed by detailed time records broken down to a six six minutes a tenth of an hour so there's no question that if you even reach that issue because you can just say this is an untimely appeal you should have appealed it a long time ago no later than February but if you go into the abuse of discretion there's absolutely no abuse of discretion here and I thank you mr. Reese yeah and I just just want to clarify the record for one thing on the pre MDL time again we don't think that issue has to be addressed there were a lot of attorneys including my own firm that filed the first case and we filed papers in the MDL as well and so to the extent mr. Nagel's arguing well MDL time should have been paid I'll just repeat no counsel were paid MDL time and mr. Nagel's motion and what she's seeking payment on was to have this case sent to the District of New Jersey and as judge Blakey said you failed in that effort and from a class counsel's perspective it's a good thing because there's a circuit split not on any issues pertinent here but on this issue called ascertain ability and the case has gone to the District of New Jersey it very well might have died that decision the career versus bear decision and bears one of the defendants here was rejected by this court in the Mullins be direct TV case so that's actually a circuit split maybe it's not a circuit split anymore I know the third circuits try to back away from that little bit but unless your honors have any more questions I thank you for your time Thank You mr. Reese Thank You mr. Nagel the case will be taken under advisement thank you